UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CATHERINE MICHELLE WILLIAMS

Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

No. 2:14-cv-00213-FVS

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 21, 22.) Attorney Dana C. Madsen represents plaintiff; Special Assistant United States Attorney Kathryn A. Miller represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS plaintiff's Motion for Summary Judgment and DENIES defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Catherine Michelle Williams (plaintiff) protectively filed for supplemental security income (SSI) and disability insurance benefits (DIB) on August 18, 2011. (Tr. 208, 210, 227.) Plaintiff initially alleged an onset date of July 20, 2003 which was later amended to January 9, 2010.[1] (Tr. 208, 813.) Benefits were denied initially and on reconsideration. (Tr. 144, 147, 151, 155.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Donna L. Walker on May 29, 2013. (Tr. 812-45.) Plaintiff was represented by counsel

---

[1] Plaintiff had a previous unfavorable determination by an ALJ dated January 8, 2010. (Tr. 18, 813.) The January 8, 2010 decision was pending appeal in U.S. District Court at the time of ALJ Walker's June 25, 2013 decision. (Tr. 18, 815.) ALJ Walker initially suggested the onset date of December 23, 2010 (Tr. 813-14) but later indicated the onset date should be amended to January 9, 2010 based on the prior unfavorable decision. (Tr. 815.) ALJ Walker's decision clarifies the appropriate amended onset date is January 9, 2010 (Tr. 18, 816) and ALJ Walker considered the evidence from the date forward. (Tr. 18.)

and testified at the hearing. (Tr. 823-34, 838-39.) Medical expert Joseph Cools, Ph.D., and vocational expert Sharon Welter also testified. (Tr. 816-823, 835-37, 839-44.) The ALJ denied benefits (Tr. 18-32) and the Appeals Council denied review. (Tr. 1.) The matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was born on July 22, 1974 and was 38 years old at the time of the hearing. (Tr. 823.) She has a couple of years of college education (Tr. 823) and is very close to earning an AA degree in Fine Arts. (Tr. 523.) She has work experience as an auto detailer, fast food worker, horticultural worker, home health attendant, bingo caller, animal caretaker, clerk, and office helper. (Tr. 837, 839-40.) She stopped working in 2005 due to pain in her hands. (Tr. 824.) She has not been able to work due mostly to her hands. (Tr. 825.) She has had two carpal tunnel surgeries but they only helped for two weeks before symptoms returned. (Tr. 826-27.) She testified she cannot pick thing up, hold them, or open lids. (Tr. 825.) Her hands are constantly numb. (Tr. 825.) She has very little dexterity. (Tr. 828.) She wears wrist braces. (Tr. 828.) She has diabetes. (Tr. 828.) She has problems with her right shoulder. (Tr. 825-26.) She has migraines almost weekly. (Tr. 825.) She has disintegrating discs in her lower back and her back hurts constantly. (Tr. 825, 829.) She has arthritis in both knees which has gotten progressively worse. (Tr. 825, 829.) She is in constant pain. (Tr. 825.) She had Bell's palsy which affects the vision in her left eye and causes sporadic paralysis on the left side of her face. (Tr. 832.) Plaintiff testified that daily activities are a struggle for her. (Tr. 825.) She also has leukocytosis which plaintiff testified is a protein-based autoimmune deficiency disorder. (Tr. 833.) Leukocytosis causes fatigue, sweats, nausea, and a lot of general issues. (Tr. 833.) She has very little stamina and she is pretty tired all day long. (Tr. 833.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

*v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the

definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

1984). If the Commissioner does not meet that burden, the claimant is found to be disabled. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since July 20, 2003, the alleged onset date. (Tr. 20.) At step two, the ALJ found plaintiff has the following severe impairments: bilateral carpal tunnel syndrome; De Quervain's tenosynovitis; arthritis; obesity; and personality disorder. (Tr. 20.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 23.) The ALJ then determined:

> [C]laimant has the physical residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she has no postural limitations; she can frequently user her bilateral hands for handling and fingering, but never constantly or repetitively; and she can interact with the public no more than superficially.

(Tr. 24.) At step four, the ALJ found plaintiff is capable of performing past relevant work. (Tr. 30.) Alternatively, after considering plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert, the ALJ determined there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 31.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from July 20, 2003, the date the application was filed. (Tr. 32.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts: (1) the ALJ did not properly consider the opinion evidence; and (2) improperly discredited plaintiff's symptom testimony. (ECF No. 21 at 10-19) Defendant argues: (1) the ALJ reasonably found plaintiff's symptom statements not entirely credible; and (2) the ALJ properly resolved the evidence. (ECF No. 14 at 4-15.)

## DISCUSSION

### 1.    Credibility

Plaintiff argues the ALJ improperly discredited plaintiff's symptoms claims. (ECF No. 21 at 11-15.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory

findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). A negative credibility finding must be supported by "specific, clear and convincing" reasons when there is no evidence of malingering. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms are not entirely credible. (Tr. 26.)

The ALJ cited plaintiff's daily activities as one reason supporting the credibility finding. (ECF No. 20 at 16-17.) Evidence about daily activities is properly considered in making a credibility determination. Daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ observed that plaintiff testified she could do laundry, clean her house, and prepare meals for her children. (Tr. 28.) The ALJ also noted plaintiff's report that she could drive

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

a car and go out, shop in stores, and take her children to appointments.[2] (Tr. 28.) Plaintiff points out that her only testimony regarding laundry included mention that her friend helps her with laundry. (Tr. 833.) Plaintiff also notes the only other housekeeping activity addressed in her testimony was her statement that she does not usually vacuum but has someone do it for her. (Tr. 833.) Further, she qualified her ability to complete daily activities, make meals, and care for her children by noting her children are mostly in school and her older child is mostly self-sufficient. (Tr. 834.)

Defendant argues plaintiff reported in an undated Function Report form that she washes clothes and does laundry "which the ALJ characterized as testimony." (ECF No. 22 at 9.) However, in the Function Report cited by defendant, plaintiff said house and yard work was done "when I need to and as best I can." (Tr. 243.) She also noted, "If it is going to cause me pain I put it off till [sic] I have to do it." (Tr. 243.) When asked to list the household chores she was able to do, plaintiff wrote, "Able to or have to do? Laundry, minor cleaning." (Tr. 243.) Regarding cooking, plaintiff said she has difficulty opening cans and jars, so she uses food that is pre-cut or easy to access. (Tr. 243.) She also reported driving to appointments and shopping for food. (Tr. 244.) However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits. *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). The fact that plaintiff drives to medical appointments and shops for food for herself and her children is not inconsistent with her claims of disabling hand and shoulder pain. A claimant need not be utterly incapacitated in order to be eligible for benefits. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Further, it is not clear from the record that these activities rise to the level of spending a substantial portion of the day engaged in activities which involve functions readily transferable to a work setting. *Orn,* 495 F.3d

---

[2] The ALJ cited Exhibit B8E p.4 which is page 274 of the transcript regarding plaintiff's reported daily activities. (Tr. 28.) Page 274 is part of a disability report form completed by plaintiff on appeal which has a paragraph entitled "Information About Your Activities." (Tr. 274.) Plaintiff's response to questions about her personal needs and daily activities include a list of her physical complaints and difficulties, but none of the activities mentioned by the ALJ as evidence inconsistent with plaintiff's allegations. (Tr. 28, 274.) The ALJ may have intended to reference Exhibit B4E (Tr. 241-48) which was cited elsewhere in the decision regarding plaintiff's daily activities (Tr. 25) and by defendant. (ECF No. 22 at 9.)

at 639. The ALJ cited no evidence that plaintiff's completion of the most basic daily activities for herself and her children rises to the ability to perform the basic demands of work on a sustained basis. *See also Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). Thus, this is not a clear and convincing reason justifying the negative credibility finding.

The only other reason given by the ALJ for the negative credibility finding is the objective medical evidence does not support the level of limitation claimed. (Tr. 26.) The medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2); *see also* S.S.R. 96-7p. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). More specifically, it is well-established that an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins* at *id.*; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Because the ALJ's other reason for rejecting plaintiff's symptom testimony is based on error, the objective medical evidence is the only reason remaining in support of the credibility finding. It is improper to base the credibility determination solely on the objective medical evidence; as a result, the credibility finding is inadequate.

**2.      Opinion Evidence**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion evidence. (ECF No. 21 at 15.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at

604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

### a.   Dr. Dalley and Dr. Arnold

Although not clearly stated, plaintiff suggests the ALJ erred by rejecting the opinions of Dr. Dalley and Dr. Arnold, examining psychologists. (ECF No. 21 at 17-18.) The record contains psychological reports and DSHS Psychological/Psychiatric Evaluation forms signed by Dr. Dalley in April 2007 and October 2007. (Tr. 502-10, 512-20.) He diagnosed undifferentiated somatoform disorder; major depressive disorder, moderate; and borderline personality disorder. (Tr. 503, 508, 513, 519.) In April 2007, Dr. Dalley assessed one marked and four moderate limitations and in October 2007 he assessed three marked and three moderate limitations. (Tr. 504, 514.)

Dr. Arnold completed a psychological assessment and a Mental Medical Source Statement form in August 2009. (Tr. 522-26, 530-33.) He diagnosed undifferentiated somatoform disorder; major depressive disorder, recurrent, moderate; anxiety disorder NOS (mild); borderline personality disorder NOS with depressive and schizoid features. (Tr. 526.) He assessed two severe, six marked, and seven moderate limitations. (Tr. 530-33.)

The ALJ gave little weight to Dr. Dalley's opinions and to Dr. Arnold's opinion for the same reasons: (1) they were outside the relevant period; and (2) the opinions were not supported by subsequent medical evidence showing plaintiff's psychological symptoms improved with counseling and medication. (Tr. 29.)

Plaintiff fails to address the ALJ's first reason for rejecting the opinions: the evaluations were conducted in 2007 and 2009, well before the amended alleged onset date of January 2010. A statement of disability made outside the relevant time period may be disregarded. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). Plaintiff's only comment regarding this reason is that Dr. Arnold's opinion "is only a few months before the relevant period." (ECF No. 21 at 18.) This does not provide any legal or factual basis for error. This is a specific, legitimate reason supported by the record for rejecting the opinions of Dr. Dalley and Dr. Arnold.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

As to the second reason for rejecting the opinions, plaintiff's asserts there "is no substantiation [for] the claim that Ms. Williams' condition improved." (ECF No. 21 at 18.) The ALJ cited a treatment record from CHAS indicating that in May 2008 plaintiff was "making progress in regards to understanding her depressive sx's [symptoms] and utilizing coping skills." (Tr. 29, 536.) The ALJ also noted normal psychiatric findings during routine exams, including normal affect, normal orientation, no anxiety symptoms, or other improvement in several instances. (Tr. 22.) In December 2011, plaintiff reported being stable without medication, although she was interested in finding an antidepressant with no side effects. (Tr. 22, 435-36.) At a January 2012 appointment for follow up regarding anxiety and depression, she reported taking herself off medication, although she stated that antidepressants helped with irritability. (Tr. 22, 29, 629-30.) Her mood was anxious, irritable and depressed. (Tr. 630.) In early February 2012, plaintiff's primary complaint was pain in her wrists (Tr. 635) and depression was noted only as a chronic problem but not otherwise addressed. (Tr. 29, 635-37.) In April 2012, plaintiff was feeling better on the current medication and sleep was stable. (Tr. 22, 649.) Plaintiff's affect was appropriate, mood euthymic, memory intact, attitude cooperative, and reasoning, impulse control, judgment and insight were good. (Tr. 22, 650.) Plaintiff had "major improvement in mood and sleep with current meds." (Tr. 22, 651.) This evidence reasonably suggests a progression of improved mental health symptoms with treatment. Plaintiff's improvement with treatment is therefore a specific, legitimate reason supported by substantial evidence for rejecting the opinions of Drs. Dalley and Arnold.

Plaintiff points out the May 2008 office visit notes include a GAF score of 48, suggesting "serious" symptoms.[3] It is noted that this evidence is, again, outside the relevant period and

---

[3]A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupation, or school functioning. A GAF score of 51-60 indicates moderate symptoms or any moderate impairment in social, occupational or school functioning.  GAF score of 61-70 indicates "some mild symptoms, (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32. The GAF scale is not included in the DSM–V.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

therefore not necessarily of significant weight. Further, GAF scores do not reflect impairments caused by psychological or environmental factors; rather, they are used by clinicians to rate the psychological, social, and occupational functioning of a patient. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 598 (9th Cir. 1999). The Commissioner has explicitly disavowed use of GAF scores as indicators of disability. "The GAF scale . . . does not have a direct correlation to the severity requirements in our mental disorder listing." 65 Fed. Reg. 50746-01, 50765 (August 21, 2000). Furthermore, to the extent GAF scores could be considered a measure of impairment, later GAF scores reflect improvement, consistent with the ALJ's findings. (GAF 60-70, 6/25/10, TR. 390; GAF 57, 1/18/12, Tr. 631; GAF 65, 4/25/12, Tr. 651.) Even Dr. Arnold's GAF assessment was 55, an "improvement" from 2008 to 2009. (Tr. 526.) The evidence cited by the ALJ reasonably suggests improved psychological symptoms throughout the record and particularly during the relevant period. As a result, there was no error in rejecting the opinions of Drs. Dalley and Arnold.

### b.    Dr. Cools

Plaintiff argues the ALJ improperly gave significant weight to the testimony of the medical expert, Dr. Cools. (ECF No. 21 at 16-17.) Plaintiff first argues the ALJ improperly stated that Dr. Cools reviewed the entire medical record. (ECF No. 21 at 16.) Plaintiff's argument is unclear, but she appears to take issue with distinction between the ALJ's statement that Dr. Cools had reviewed the "entire medical file" (Tr. 28) and Dr. Cools' testimony that he had reviewed "Ms. Williams' file with respect to her mental health history." (Tr. 816.) Even if Dr. Cools had reviewed the "entire medical file," as a psychologist he is only qualified to testify regarding mental health complaints. *See e.g., Brosnahan v. Barnhart*, 336 F.3d 671, 676 (8th Cir. 2003) (psychologist opinion properly rejected in part because it was based on consideration of physical impairments)*; Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001) (psychologist not qualified to opine regarding disability based on underlying physical conditions). Plaintiff also points out that Dr. Cools testified before hearing plaintiff's testimony (ECF No. 21 at 16), although it is noted that plaintiff did not object to the order of testimony at the time of the hearing or ask any questions of Dr. Cools regarding review of the record. (Tr. 816-23.) The ALJ's statement that Dr. Cools had reviewed the "entire medical file" perhaps may have been an inadvertent overstatement, but plaintiff points to no harm or error

arising out of the ALJ's statement and cites no case law suggesting the ALJ's statement is a reasonable basis for remand. As a result, any error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).

Plaintiff also seems to suggest the ALJ improperly relied on Dr. Cools' testimony because it is consistent with other non-treating, non-examining sources. (ECF No. 21 at 16.) Plaintiff's argument is not properly developed as there is no citation to the record or identification of the medical sources referenced. LR 56.1(e); s*ee Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may not consider issues which are not specifically and distinctly argued in an appellant's opening brief). Presumably, plaintiff references the ALJ's observation that "Dr. Cools' testimony is consistent with objective findings and observations of the accepted treating and evaluating medical sources set forth in this decision." (Tr. 28.) As noted by defendant, Dr. Cools considered more than the opinion of the reviewing psychologist, Dr. Postovoit. (Tr. 101-02, 104-05.) The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other evidence in the record and are consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). In particular, Dr. Cools considered the evidence from the CHAS clinic which involved multiple providers. (Tr. 819.) Dr. Cools stated, "She has been seen primarily at the CHAS clinic for treatment of mental health disorder since 2010. So, there's no other treating source or even evaluation that I see that [] isn't prior to that time." (Tr. 819.) Dr. Cools also indicated that, "based on the evidence that we have from 2010 forward" he agreed with Dr. Postovoit's conclusion that plaintiff's mental health issues are non-severe. (Tr. 821.) The evidence does not support the conclusion that Dr. Cools relied solely on the opinion of Dr. Postovoit in formulating his own opinion. As a result, the ALJ did not err by giving significant weight to Dr. Cools' testimony.

### c.   Dr. Thuline

Plaintiff asserts the ALJ afforded undue weight to the findings of reviewing physician, Dr. Thuline. (ECF No. 21 at 18.) Dr. Thuline reviewed the record in December 2011 and concluded plaintiff has no exertional or postural limitations but has some manipulative limitations. (Tr. 103-04.) The ALJ assigned great weight to the opinion of Dr. Thuline, "as his opinions are supported by the objective medical findings of record and consistent with the evidence documented by

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12

outpatient medical providers and EMG reports." (Tr. 27.) Plaintiff makes no specific argument but cites *Penny v. Sullivan* for the proposition that without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual. (ECF No. 21 at 18, *citing* 2 F.3d 953, 958 (9th Cir. 1993).) This holding is, of course, taken out of context and ignores the requirement that an ALJ should consider and weigh all of the opinion evidence, regardless of source. *See* 20 C.F.R. § 416.927(d)(1); *Andrews*, 53 F.3d at 1041. In *Penny,* the court determined that the defense rested its case on the sole statement of a non-treating, non-examining source. *Id.* In the case at hand, the ALJ cited other significant evidence supporting the conclusion that plaintiff has no exertional or postural limitations. (Tr. 26-27.) Plaintiff fails to address the objective evidence cited by the ALJ which supports Dr. Thuline's findings. (Tr. 26-27.) Rather, plaintiff cites a non-physician source, PA-C Colver, whose opinion was assigned limited weight by the ALJ, although plaintiff does assert the ALJ erred in weighing the opinion. (ECF No. 21 at 18, Tr. 609-11.) Plaintiff's argument is not convincing and the court concludes the ALJ did not err in weighing Dr. Thuline's opinion.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error. The matter must be remanded for reconsideration of the credibility finding. On remand, the ALJ should provide legally sufficient reasons for rejecting any testimony which is found to be not fully credible. The ALJ may take additional testimony as is appropriate.

**IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment **(ECF No. 21)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2.      Defendant's Motion for Summary Judgment **(ECF No. 22)** is **DENIED**.

3.      An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED August 26, 2015

*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13